# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. 2:20-cr-00083-NT |
| ) | |
| AMANDA PAXSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION FOR SENTENCE REDUCTION

On July 7, 2021, Ms. Paxson pled guilty to a three-count Indictment alleging: (1) conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture or substance containing fentanyl in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2; (2) possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g); and (3) making false statements in violation of 18 U.S.C. § 1001(a)(2) (ECF No. 85). On October 27, 2021, Ms. Paxson was sentenced to 60 months imprisonment on all counts to be served concurrently, as well as four years of supervised release on Count I and two years of supervised release on Counts II and III, all to be served concurrently (ECF No. 138). Ms. Paxson is currently incarcerated at FCI Danbury in Connecticut. On August 28, 2023, the Court received a motion from Ms. Paxson asking for reconsideration of "the Bureau of Prison's decision to refuse [her] the year off for RDAP"[1] and to shorten her sentence by one year. Mot. to Reduce Sentence (ECF No. 151).

---

[1] RDAP, the Bureau of Prisons' ("**BOP**") Residential Drug Abuse Program, is a nine-month intensive treatment program that uses cognitive behavioral therapy in a modified therapeutic community model where offenders live in a unit separate from the general population and participate in a half day of programming and a half day of work, school, or vocational activities. *Substance Abuse*

The Government filed a response in opposition to Ms. Paxson's motion on September 18, 2023. Gov't's Resp. to Def.'s Mot. to Reduce Sentence ("**Gov't's Resp.**") (ECF No. 152). The Government argued that the motion should be denied because denial of early release is within the discretion of the Bureau of Prisons ("**BOP**"), and it further contended that venue was inappropriate in Maine because the motion should be construed as a petition for habeas corpus to be filed in the district in which Ms. Paxson was housed "[t]o the extent Defendant claims that the BOP's decision results in her being 'in custody in violation of the Constitution or laws and treaties of the United States.' 28 U.S.C. § 2241(c)(3)."[2] Gov't's Resp. 2–3.

The Government is correct that decisions regarding early release for participation in RDAP are within the discretion of the BOP. *See* 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55; *Reyes-Cabrera v. U.S. Att'y Gen.*, No. 1:10–cv–295–GZS, 2010 WL 2955038, at *2 (D. Me. July 22, 2010) (citing *Lopez v. Davis*, 531 U.S. 230, 244 (2001)) (BOP has discretion to determine who qualifies for early release eligibility), *R. & R. aff'd by* 2010 WL 3238995. BOP determined that Ms. Paxson was not eligible for early release because her offense of conviction involved the possession of a firearm."[3] Additional Attachs. 1 (ECF No. 153).

---

*Treatment*, Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last visited Sept. 21, 2023). The BOP may reduce the sentence of a prisoner convicted of a nonviolent offense who completes RDAP by up to one year if certain conditions are met. 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55.

[2] Because it does not appear to me that Ms. Paxson is making a claim that she is being held in violation of the Constitution or the laws of the United States, I do not address the venue argument.

[3] This is consistent with the BOP's regulations that exclude inmates from early release who have a current felony conviction for certain offenses including those that have as an element "the actual, attempted, or threatened use of physical force against the person or property of another," those involving "the carrying, possession, or use of a firearm," and those that, by their "nature or conduct,

Ms. Paxson asks this Court to grant a one-year sentence reduction because of her completion of RDAP and other progress she has made in prison. Mot. to Reduce Sentence 1–2. However, after a sentence has been imposed, I have the authority to modify that sentence only in a few circumstances. 18 U.S.C. § 3582(c). First, I may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), I find that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and either "extraordinary and compelling reasons warrant such a reduction"[4] or the defendant meets certain age requirements.[5] 18 U.S.C. § 3582(c)(1)(A). Second, I may modify a term of imprisonment if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Finally, after considering the factors in 18 U.S.C. § 3553(a), I may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" if such a reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). Ms. Paxson has not shown that any of these special circumstances exist, and, accordingly, I must **DENY** her Motion to Reduce Sentence (ECF No. 151).

---

present[] a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5).

[4] "Rehabilitation alone shall not be considered an extraordinary and compelling reason." *United States v. Ruvalcaba*, 26 F.4th 14, 25 (1st Cir. 2022) (quoting 28 U.S.C. § 994(t)).

[5] The defendant must also have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 21st day of September, 2023.

4